# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALTUS PARTNERS, LLC | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| GLOBUS MEDICAL, INC. | : | NO. 13-822 |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                              **NOVEMBER 12, 2013**

        Defendant and Counterclaim-Plaintiff Globus Medical Inc. ("Globus or Defendant") filed the present motion to compel Plaintiff Altus Partners, LLC ("Altus or Plaintiff") to withdraw Plaintiff's redactions for relevance from certain documents bearing production numbers GD0002630-2636, GD0002656-2677, GD0002695-2717 and GD0002723-2745, that Plaintiff has produced in discovery; and to produce any other related documents that are being withheld for the same reasons and might be relevant to Defendant's counterclaim and defense of inequitable conduct.

        Defendant's inequitable conduct allegations relate to the alleged intentional abandonment and revival of the patent application that issued as US Patent No. 8,162,989 ("Patent in Suit"). Defendant claims that prosecution counsel intentionally and falsely represented to the U.S. Patent and Trademark Office ("Patent Office") that the abandonment was unintentional. Defendant claims further that without that representation the Patent in Suit would not have been issued.

        According to Defendant, the information redacted and withheld by Plaintiff relates to two other pending patent applications that were abandoned in the same sequence of events.

Defendant argues that any investigation performed by patent prosecution counsel is directly related to Defendant's defense and counterclaim.

Plaintiff's position is that there is only one patent asserted in this case, U.S. Patent No. 8,162,989, which is the Patent in Suit, and that they have already produced documents related to its abandonment and revival. Plaintiff asserts that the relationship between the two other applications for patents and the application that resulted in the Patent in Suit is that the investigation into revival of each of the applications occurred at the same time.

After considering the briefs of all parties, the Court is of the opinion that the discovery requested by Defendant may well lead to evidence relevant to Globus's defense and counterclaim of inequitable conduct because of the common ownership of all three patent applications, the fact that prosecution counsel in charge of the revival of all three patent applications were the same and the timing of the proceedings to revive was approximately the same. The Motion will be granted.

I, therefore, enter the following Order.